

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2005

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Campbell" (2005). *2005 Decisions.* Paper 1339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-3892 / 03-4326

UNITED STATES OF AMERICA

v.

BERNARD CAMPBELL
aka
BERNARD CAMPBELL, JR.
aka
BERNARD TENNER

Bernard Campbell,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00213)
District Judge: Honorable Petrese B. Tucker

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2005

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Filed   April 19, 2005 )

OPINION

AMBRO, Circuit Judge

Appellant Bernard Campbell appeals his conviction and sentence. Before us are (1) his attorney's August 11, 2004 motion to withdraw and March 11, 2005 amended brief under Anders v. California, 386 U.S. 738 (1967), contending that there are no non-frivolous issues for appeal; (2) the Government's October 5, 2004 brief in support of the motion to withdraw, asserting that no non-frivolous grounds for appeal exist; (3) Campbell's *pro se* brief dated November 7, 2004, arguing that he has indeed presented non-frivolous issues; and (4) Campbell's *pro se* letter brief dated December 6, 2004, responding to the Government's December 3, 2004 supplemental brief and again asserting that he has presented non-frivolous claims.[1] For the reasons set forth below, we grant the motion to withdraw and affirm Campbell's conviction and sentence.[2]

I.

Under Anders v. California, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the case, s/he must advise the

---

[1] Because Campbell has had ample notice and time to present a *pro se* brief in support of his appeal—and, indeed, has done so twice—we hereby deny his April 4, 2005 motion "Requesting That Counsel's Amended Brief Be Disregarded, For Failing to Comply With His Obligations Under Anders v. California; Which Clearly States That Appellant Is To Be Given Time To Respond." Counsel's amended brief raises no new issues; it addresses the lack of non-frivolous grounds for appeal, a subject that was considered at length in both the Government's and Campbell's multiple briefs. We see no need for or potential benefit from additional briefing in this case, and we are satisfied that Campbell has had an adequate opportunity to be heard.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. Our Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Court of this finding and request permission to withdraw from the case. Id. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal,"id., "explain to the court why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and in so doing demonstrate that s/he has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996).

We grant counsel's Anders motion to withdraw if "a full examination of all of the proceedings," Anders, 386 U.S. at 744, shows "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and we conclude "that the appeal lacks any basis in law or fact," id. at 438 n.10. "The Court's inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether

3

an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300.

## II.

As we write solely for the parties, we need not detail the facts of this case. Most of Campbell's arguments were advanced in post-trial motions before the District Court and roundly rejected in a well-reasoned memorandum after an evidentiary hearing.[3] For the reasons set forth by the District Court, the Government and Campbell's counsel, we conclude that Campbell's challenge to the District Court's disposition of these contentions lacks merit. We similarly agree that Campbell's grounds for challenging the District Court's denial of his pre-trial suppression motion are frivolous, as we can conceive of no reason to disturb that determination.

Putting aside Campbell's attempts to reassert arguments that were flatly rejected by the District Court for good reason, we are left only with his general, vague objections to his conviction and sentence. We are satisfied that Campbell's counsel has attempted to extract meritorious grounds for appeal without success. Our independent review of the record for non-frivolous contentions was similarly fruitless.

*     *     *     *     *

---

[3] Specifically, Campbell argues that the District Court erred by: 1) denying his post-trial, *pro se* "Motion to Dismiss Indictment for Violation of Interstate Agreement on Detainers Act;" 2) denying his post-trial claim of an alleged violation of the Speedy Trial Act; 3) denying his motion for a new trial and its numerous claimed grounds for finding his trial counsel ineffective; and 4) imposing sentence on him.

4

We thus grant counsel's motion to withdraw and affirm Campbell's conviction and sentence.